**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL FILE NO. 1:16-cv-00219-MR
CRIMINAL FILE NO. 1:98-cr-00155-MR-1**

| | | |
|---|---|---|
| ARANDER MATTHEW HUGHES, JR., | ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) ) | **O R D E R** |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) ) | |

**THIS MATTER** is before the Court on the motion of the United States requesting that the Court enter an order holding this action in abeyance. [CV Doc. 7].[1] According to the government's motion, defense counsel has consented to its request. [Id.].

Petitioner was convicted of three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), five counts of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c),

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting that the document is listed on the docket in the civil case file number 1:16-cv-00219-MR, or the letters "CR" denoting that the document is listed on the docket in the criminal case file number 1:98-cr-00155-MR-1.

two counts of bank robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2 and 2113(a), and two counts of possessing a firearm not lawfully registered, and aiding and abetting the same, in violation of 26 U.S.C. §§ 5861(d) and 2. [CR Doc. 46]. The Court sentenced Petitioner to a total term of imprisonment of 1120 months. [Id.].

On June 8, 2016, Petitioner commenced this action by filing a motion to vacate pursuant to 28 U.S.C. § 2255. [CV Doc. 1]. In the motion to vacate, Petitioner contends that his Hobbs Act robbery offenses no longer qualify as "crimes of violence" in light of Johnson v. United States, 135 S. Ct. 2551 (2015). Consequently, Petitioner asserts that his Hobbs Act offense likewise cannot support one of his § 924(c) convictions and such conviction must be vacated. [Id.].

In response to Petitioner's motion, the government has filed a motion to hold this proceeding in abeyance. The government notes that pending in the Fourth Circuit is the case of United States v. Ali, No. 15-4433 (4th Cir.) (tentatively calendared for oral argument during the October 25-28, 2016, session). The Court notes that also pending in the Fourth Circuit is the case of United States v. Simms, No. 15-4640 (4th Cir.) (tentatively calendared for oral argument during the October 25-28, 2016, session). The appellants in Ali and Simms both contend that a Hobbs Act robbery (and additionally in

Ali, conspiracy to commit a Hobbs Act robbery) can no longer be considered a "crime of violence" under 18 U.S.C. § 924(c)(3)(B) and thus any § 924(c) conviction predicated thereon is void.

Based upon the foregoing reasons, and with Petitioner's consent, the Court concludes that the government's motion should be granted.

### ORDER

**IT IS, THEREFORE, ORDERED** that the government's motion to place this case in abeyance [CV Doc. 7], is hereby **GRANTED** and this matter is hereby held in abeyance pending further orders of this Court. The parties shall notify the Court of the opinions rendered by the Fourth Circuit in the Ali and Simms cases within seven days after each such matter is decided.

**IT IS SO ORDERED.**

Signed: September 15, 2016

Martin Reidinger
United States District Judge