IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00219-MR
(CRIMINAL CASE NO. 1:98-cr-00155-MR-1)

ARANDER MATTHEW HUGHES, JR.,   )
                                )
          Petitioner,           )
                                )
     vs.                        )     **O R D E R**
                                )
UNITED STATES OF AMERICA,       )
                                )
          Respondent.           )
_____ )

**THIS MATTER** is before the Court on the Petitioner's "Motion to Reconsider Denial of Certificate of Appealability" [Doc. 31].

In June 2016, the Petitioner filed a *pro se* Motion to Vacate under 28 U.S.C. § 2255, arguing that his convictions under 18 U.S.C. § 924(c) were invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). [Doc. 1]. The Court ordered the Federal Defender of Western North Carolina to supplement the Petitioner's Motion to Vacate. [Doc. 3]. The Federal Defender timely filed a supplemental motion on the Petitioner's behalf. [Doc. 4]. In March 2020, this Court denied the Petitioner's Motion to Vacate, as supplemented, and denied a certificate of appealability. [Doc. 29].

The Petitioner now moves the Court to reconsider its denial of a certificate of appealability. [Doc. 31]. For grounds, the Petitioner argues that this Court failed to address all of the grounds asserted in his *pro se* Motion to Vacate, instead addressing only the arguments asserted by the Petitioner that were also asserted by the Federal Defender. Specifically, the Petitioner contends that the Federal Defender erroneously failed to supplement his challenge to his § 924(c) convictions predicated on federal bank robbery and erroneously conceded that his § 924(c) convictions predicated on substantive Hobbs Act robbery were valid. [Id.]. This, the Petitioner claims, "effectively waiv[ed] all the claims raised in [his] *pro se* motion." [Id. at 2].

The Petitioner is correct that the Federal Defender did not reassert the Petitioner's challenges to some of his § 924(c) convictions. The Federal Defender did not do so, however, because such arguments were clearly precluded by established Circuit law. See United States v. McNeal, 818 F.3d 141, 152 (4th Cir. 2016) (holding that both federal bank robbery and federal armed bank robbery were "crimes of violence" within meaning of § 924(c)); United States v. Mathis, 932 F.3d 242 (4th Cir. 2019) (holding that Hobbs Act robbery qualifies as "crime of violence" under § 924(c)). As such, the Petitioner has failed to demonstrate that a certificate of appealability is warranted with respect to these issues.

2

Case 1:16-cv-00219-MR   Document 32   Filed 04/29/20   Page 2 of 3

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that the Petitioner's "Motion to Reconsider Denial of Certificate of Appealability" [Doc. 31] is **DENIED**, and the Court again declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: April 29, 2020

Martin Reidinger
United States District Judge